1

**MORGAN, LEWIS & BOCKIUS LLP**
Douglas J. Crisman (Bar No. 172801)
douglas.crisman@morganlewis.com
Marinna C. Radloff (Bar No. 324156)
marinna.radloff@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:     +1.650.843.4001

**MORGAN, LEWIS & BOCKIUS LLP**
Scott D. Sherwin (*pro hac vice*)
scott.sherwin@morganlewis.com
77 West Wacker Drive
Chicago, IL  60601-5094
Tel:     +1.312.324.1000
Fax:     +1.312.324.1001

Attorneys for Defendant
EVERNOTE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAPPHIRE CROSSING LLC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>EVERNOTE CORPORATION,<br><br>                    Defendant. | Case No. 5:20-cv-03593-EJD<br><br>**DEFENDANT EVERNOTE CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Hon. Edward J. Davila<br>Date: November 12, 2020<br>Time: 9:00 AM<br>Courtroom: 4<br><br>Complaint Filed: May 29, 2020<br>Amended Complaint Filed: August 10, 2020 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ........................................................................ 1

RELIEF REQUESTED ............................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) ................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 2

I.      NATURE AND STAGE OF THE PROCEEDINGS ......................................... 2

II.     SUMMARY OF THE ARGUMENT.................................................................. 2

III.    FACTUAL BACKGROUND ............................................................................ 3

IV.     LEGAL STANDARD....................................................................................... 5

V.      ARGUMENT ................................................................................................... 6

        A.      The Complaint Fails To State A Claim For Direct Infringement. .......... 6

        B.      The Complaint Fails To State A Claim For Divided Infringement. ...... 10

        C.      The Complaint Fails To Plead Compliance With The Notice And Marking Statute, 35 U.S.C. § 287(a). ....... 12

VI.     CONCLUSION ............................................................................................. 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

i

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015)................................................................................6, 10, 11

*American Med. Sys., Inc. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993)..........................................................................................12

*Andrulis Pharm. Corp. v. Celgene Corp.*,
No. CV 13-1644-RGA, 2014 WL 1572906 (D. Del. Apr. 10, 2014) ........................................9

*Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)........................................................................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................4, 5

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
No. 15-cv-05469, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016)..............................................6

*Bascom Research LLC v. Facebook, Inc.*,
No. C 12-6293, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013)................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................5

*Chavez v. United States*,
683 F.3d 1102 (9th Cir. 2012)............................................................................................6

*Desenberg v. Google, Inc.*,
392 F. App'x 868 (Fed. Cir. 2010) ....................................................................................9

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014)......................................................................................7, 8

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008)............................................................................................6

*Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.*,
No. 17-1086- LPS, 2018 U.S. Dist. LEXIS 187074 (D. Del. Nov. 1, 2018) ..........................12

*IMX, Inc. v. LendingTree, LLC*,
No. 1:03-CV-01067-SLR, D.I. 225 (D. Del. Dec. 16, 2005)................................................13

*Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*,
No. C16-0341 JLR, 2017 WL 5634131 (W.D. Wash. Nov. 21, 2017)......................................6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

ii

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Johnson v. IVAC Corp.*,
  885 F. 2d 1574 (Fed. Cir. 1989)........................................................................6

*Koninklijke Philips N.V. v. Zoll Med. Corp.*,
  656 F. App'x 504 (Fed. Cir. 2016) .................................................................7

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016)......................................................................10

*Maxwell v. J. Baker, Inc.*,
  86 F.3d 1098 (Fed. Cir. 1996) .......................................................................12

*Medgraph, Inc. v. Medtronic, Inc.*,
  843 F.3d 942 (Fed. Cir. 2016) .........................................................................7

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008)..........................................................................6

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) .......................................................................................11

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*,
  690 F.3d 1354 (Fed. Cir. 2012).......................................................................7

*Ricoh Co., Ltd. v. Quanta Comp. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008).......................................................................7

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
  No. 2:15-CV-1955, D.I. 14 (E.D. Tex. Mar. 29, 2016)...........................3, 4, 7

*Ruby Sands LLC v. Amegy Bank*,
  No. 2:15-CV-1936, D.I. 8 (E.D. Tex. Mar. 11, 2016) ...................................3

*Ruby Sands LLC v. Commercial Bank of Texas*,
  No. 2:15-CV-1971, D.I. 8 (E.D. Tex. Mar. 15, 2016) ...................................3

*Sapphire Crossing, LLC v. Robinhood Markets, Inc.*,
  No. 1:18-cv-01717-MN-CJB, D.I. 117 (D. Del. July 31, 2020) ..................13

*Sentius Int'l, LLC v. Apple Inc.*,
  No. 4:20-CV-00477, 2020 WL 2850286 (N.D. Cal. June 2, 2020).........8, 9, 10

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013)............................................................................6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

iii

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Travel Sentry, Inc. v. Tropp,*
  877 F.3d 1370 (Fed. Cir. 2017)............................................................................................11

*Unified Patents Inc. v. Ruby Sands LLC,*
  IPR2016-00723 .......................................................................................................................4

**Statutes**

35 U.S.C. § 287................................................................................................................1, 12, 13

**Other Authorities**

Fed. R. Civ. P. 8(a)...........................................................................................................................5

Fed. R. Civ. P. 11...............................................................................................................................4

Fed. R. Civ. P. 12(b)(6)........................................................................................................ *passim*

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

iv

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on November 12, 2020, at 9:00 a.m., in Courtroom 4, United States District Court for the Northern District of California, San Jose Courthouse, 5th Floor, 280 South 1st Street, San Jose, CA 95113, Defendant Evernote Corporation ("Evernote") will and hereby does move this Court to dismiss the First Amended Complaint ("Complaint") filed by Plaintiff Sapphire Crossing LLC ("Sapphire"), which was filed on August 10, 2020, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is supported by the following Memorandum of Points and Authorities and all exhibits attached thereto, the Declaration of Marinna C. Radloff filed concurrently herewith, the pleadings and papers on file herein, and such other matters that may be presented to the Court at the hearing.

## RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 12(b)(6), Evernote requests that the Court dismiss Sapphire's Complaint with prejudice.

## STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))

Whether a portion of Count I of Sapphire's Complaint is deficient pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint lacks sufficient factual allegations to state a cognizable claim for direct infringement and/or divided infringement for any instance when a third party uses the Evernote service. These allegations of Count I should be dismissed with prejudice.

Whether Sapphire's entire Complaint is deficient because it fails to properly plead compliance with the marking statute, 35 U.S.C. § 287, and thus Sapphire is not entitled to damages before Evernote received actual notice of the patent-in-suit when this lawsuit was filed. The patent-in-suit expired before this lawsuit was filed, thus post-suit damages are not possible in this matter. As a result, Sapphire is not entitled to any damages, and the entire Complaint should be dismissed with prejudice.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Sapphire filed this lawsuit against Defendant Evernote on May 29, 2020.  D.I. 1. On August 10, 2020, Sapphire filed a first amended Complaint.  D.I. 22.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Evernote respectfully moves to dismiss the Complaint with prejudice.

II.    **SUMMARY OF THE ARGUMENT**

Sapphire's Complaint is fatally deficient in at least three ways.

First, the Complaint's allegation of direct infringement against Evernote is not plausible on its face.  Asserted method claims 19 and 20 require the accused infringer to "provid[e] an image transfer device."  Sapphire asserts that an image transfer device is a smartphone.  However, Evernote does not make smartphones or provide them to end-users and Sapphire does not allege as much.  Instead, end-users provide ***their own*** smartphones.  A prior court has already analyzed the "image transfer device" limitation on this very same patent and ruled that it was not plausible to allege that the defendants—there, a group of banks—could meet this limitation.  The court dismissed the complaint with prejudice and wondered how the plaintiff could have satisfied its obligation to perform a pre-suit investigation before filing its complaint.  The same is true in this case.  Evernote does not "provid[e] an image transfer device" and Sapphire has no good faith basis to assert that Evernote directly infringes these claims when a third party is using their own phone.

Second, the Complaint's allegation of direct divided infringement against Evernote, whereby Evernote allegedly directs or controls its end-users, is also not plausible on its face. Evernote does not and cannot control the millions of people that use its service.  Furthermore, Evernote does not require any of its end-users to perform the allegedly infringing method steps of claims 19 and 20.  As such, there is no good faith basis to assert direct divided infringement against Evernote.

Third, Sapphire bears the burden of pleading compliance with the notice and marking statute as a prerequisite to seeking past damages.  However, the Complaint is devoid of any such

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

allegation.  In particular, the Complaint lacks a good faith allegation that the patent-in-suit was properly marked on all licensed products.  As such, Sapphire's demand for past damages is legally deficient.

Sapphire knew or should have known about all of these issues before it filed its Complaint.  For these reasons, Evernote respectfully requests that this Court dismiss Sapphire's Complaint in its entirety with prejudice.

## III.   FACTUAL BACKGROUND

The only patent asserted in this case—U.S. Patent No. 6,891,633 ("the '633 patent")—has been asserted almost sixty times in lawsuits by Sapphire and a prior owner, Ruby Sands LLC ("Ruby Sands"). (Ex. A, Cases Asserting the '633 Patent).  Most of the lawsuits filed by Ruby Sands and Sapphire were dismissed swiftly, likely due to private settlement.  However, some of these defendants moved to dismiss Ruby Sands' complaint for failure to comply with the *Twombly/Iqbal* standard on the grounds that Ruby Sands did not adequately plead direct infringement.  *See* Ex. B (*Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, D.I. 14 (E.D. Tex. Mar. 29, 2016) ("*Am. Nat'l Bank of Texas*"); *see also* Ex. C (Court order granting defendants' motion to dismiss in *Am. Nat'l Bank of Texas*).[1]  In particular, these defendants explained that there was no good faith basis to assert that they made, sold, or used the claimed

---

[1] *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955 ("*Am. Nat'l Bank of Texas*") is the consolidated lead case composed of separate actions against ten defendants.  The defendants American National Bank of Texas, Commercial Bank of Texas, Amegy Bank, and Cathay Bank filed substantially similar motions to dismiss.  *See Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, D.I. 14 (E.D. Tex. Mar. 29, 2016); *Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, D.I. 59 (E.D. Tex. Jul. 1, 2016); *Ruby Sands LLC v. Commercial Bank of Texas*, 2:15-CV-1971, D.I. 8 (E.D. Tex. Mar. 15, 2016); *Ruby Sands LLC v. Amegy Bank*, 2:15-CV-1936, D.I. 8 (E.D. Tex. Mar. 11, 2016).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

"**image transfer device**" (*i.e.*, a mobile device). *Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, D.I. 14 at 5-7 (emphasis added). The court agreed and found the complaint "**fatally flawed**." *Am. Nat'l Bank of Texas*, No. 2:15-CV-1955, 2016 WL 3542430, at *4 (emphasis added). The court found that it was not even remotely possible to allege that the defendants—a group of banks— made, used, offered to sell, or sold mobile devices. *Id*. In fact, the court was "left to wonder whether [plaintiff] performed a thorough pre-suit investigation, as required by the Federal Rules, to craft a plausible infringement theory before filing its complaint." *Id*. (citing Fed. R. Civ. P. 11; *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")). As a result, on June 28, 2016, the court dismissed the cases with prejudice. *Id*. at *5.

The Patent Trial and Appeal Board ("PTAB") has also analyzed claims of the '633 patent. On August 29, 2016, the PTAB instituted an *inter partes* review of claims 1-18 and 21-26 of the '633 patent. *Unified Patents Inc. v. Ruby Sands LLC*, IPR2016-00723 at Paper 7 (PTAB Aug. 29, 2016). At the request of Ruby Sands, on January 6, 2017, the PTAB canceled all claims except claims 19 and 20. *Id.* at Paper 18 (PTAB Jan. 6, 2017).

On March 23, 2018, Ruby Sands appears to have assigned the '633 patent to Sapphire, the plaintiff in this matter.[2]

From April 4, 2018 to May 29, 2020, Sapphire asserted claims 19 and 20 of the '663 patent against at least twenty-nine companies. *See* Ex. A at 1-2. Asserted claim 19 is a method claim comprising five main steps:

A method for transferring information from a first medium, the method comprising the steps of:

---

[2] *See* Ex. F, *Patent Assignment Search*, U.S. PATENT AND TRADEMARK OFFICE, https://assignment.uspto.gov/patent/index.html#/patent/search/resultAbstract?id=6891633&type= patNum (last visited Jul. 27, 2020).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

*providing an image transfer device* having a scanner for reading an image on the first medium;

*reading the image* on the first medium with the scanner;

*automatically uploading electronic data* including at least a portion of an image transfer menu to be displayed by the image transfer device to the transfer device from a computer connected to the transfer device;

with a processor of the image transfer device, *automatically merging the electronic data with the image* read by the scanner; and

*transferring the merged image* by the transfer device to a second medium.

'633 patent col. 18 (claim 19) (emphasis added).

Despite the *Texas* court's prior ruling about the "image transfer device"—and the *Texas* court's explicit warning that asserting such an allegation may not comply with Rule 11—Sapphire continues to allege that defendants who indisputably do not make smartphones or provide them to end-users "provid[e] an image transfer device" to support its infringement allegations.

On May 29, 2020, Sapphire filed its original complaint against Evernote, including the "image transfer device" allegation in claims 19 and 20.  Evernote had no knowledge of the '633 patent prior to this lawsuit being filed.   On August 10, 2020, Sapphire filed its amended Complaint.

## IV.   LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure provides that a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  Dismissal is proper if Sapphire "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This standard is met when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  In making this assessment, "a court must accept as true all of the allegations contained in a complaint . . . [but this tenant] is inapplicable to legal conclusions [because] [t]hreadbare recitals of the elements of a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

1    cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing

2    *Twombly*, 550 U.S. at 555).  The factual allegations must "raise a right to relief above the

3    speculative level" and must cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at

4    555, 570.

5            Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is appropriate

6    when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

7    legal theory." *Bascom Research LLC v. Facebook, Inc.*, No. C 12-6293, 2013 WL 968210, at *3

8    (N.D. Cal. Mar. 12, 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,

9    1104 (9th Cir. 2008)); *see also Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)

10   ("Dismissal is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to

11   alleged sufficient facts to support a cognizable legal theory.").

12           In assessing the factual support proffered by the plaintiff's Complaint, the Court should

13   not "accept allegations that are merely conclusory, unwarranted deductions of fact, or

14   unreasonable inferences." *Bascom*, 2013 WL 968210 at *3 (citing *In re Gilead Scis. Sec. Litig.*,

15   536 F.3d 1049, 1055 (9th Cir. 2008)); *see also Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*,

16   No. C16-0341 JLR, 2017 WL 5634131, at *5 (W.D. Wash. Nov. 21, 2017) (quoting *Chavez v.*

17   *United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)) ("'Mere conclusory statements' or 'formulaic

18   recitations of the elements of a cause of action' . . . 'are not entitled to the presumption of

19   truth.'").  Thus, "a reviewing court may begin 'by identifying pleadings that, because they are no

20   more than conclusions, are not entitled to the assumption of truth.'" *Atlas IP LLC v. Pac. Gas &*

21   *Elec. Co.*, No. 15-cv-05469, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) (quoting *Iqbal*,

22   556 U.S. at 679).  Paying no attention to such unsupported conclusions, the "Court must then

23   determine whether the factual allegations in the complaint 'plausibly give rise to an entitlement to

24   relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

25   **V.      ARGUMENT**

26           **A.      The Complaint Fails To State A Claim For Direct Infringement.**

27           Direct infringement of a method claim occurs only if "all steps of a claimed method are

28   performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*,

797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc); *see also Medgraph, Inc. v. Medtronic, Inc.*, 843 F.3d 942, 948 (Fed. Cir. 2016). Therefore, to state a claim, Sapphire must plead that Evernote performs each and every method step in asserted claims 19 and 20. *See Johnson v. IVAC Corp.*, 885 F. 2d 1574, 1577 (Fed. Cir. 1989). Because a method is not sold in the same way devices are, ***neither the sale of a product nor the sale of software that allegedly performs a claimed method constitutes direct infringement***. *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012); *Ricoh Co., Ltd. v. Quanta Comp. Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). Instead, "the direct infringer would be the party who put[s] that apparatus to use to perform the patented method." *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 F. App'x 504, 521 (Fed. Cir. 2016) (citing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014)). Put simply, Federal Circuit precedent is clear that direct infringement of a method claim cannot be based on "sales of an end user product which performs the entire method . . . ." *Ericsson*, 773 F.3d at 1222. Thus, Sapphire cannot sufficiently plead direct infringement against Evernote for at least the following three reasons.

First, the asserted claims are directed to a method that "provides an image transfer device (e.g., smartphone) having a scanner (e.g., camera of the smartphone) for reading an image on the first medium." Complaint at ¶27. Sapphire asserts that an "image transfer device" is a smartphone.[3] *Id.* However, just like other defendants that challenged the '633 patent, Evernote does not make, sell, or otherwise provide end-users with smartphones. *See Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *4 (finding that the plaintiff's direct

---

[3] Sapphire sets forth a confounding interpretation of the "image transfer device" limitation. It originally identifies an "image transfer device" as a smartphone. Complaint at ¶31. Yet only one paragraph later, Sapphire argues that the "image transfer device" is "***in*** the smartphone." *Id.* at ¶32 (emphasis added). For the purpose of this motion, Evernote treats the "image transfer device" as a smartphone. Under either interpretation, the Complaint is deficient because Evernote does not provide smartphones to its end-users.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

1    infringement pleadings were "constructed upon a fatally flawed foundation" where the asserted

2    claims required mobile devices and the plaintiff made no allegations "that even remotely suggest

3    that [the defendant], a bank, makes, uses, offers to sell, or sells mobile devices").  For this reason

4    alone, Sapphire's Complaint is fatally flawed and the direct infringement allegation against

5    Evernote should be dismissed with prejudice.

6          Second, Sapphire alleges that "[t]he method for transferring information . . . provides an

7    image transfer device (e.g., smartphone) having a scanner (e.g., camera of the smartphone) for

8    reading an image on the first medium."  Complaint at ¶27.  However, it is nonsensical to suggest

9    that "[t]he method for transferring information" (*i.e.*, using software) constitutes provision of an

10   actual smartphone to the end-user by Evernote.  In other words, Sapphire's allegation that

11   Evernote's app somehow provides an actual smartphone to an end-user is not plausible.  For this

12   additional reason, the direct infringement allegation should be dismissed.

13         Third, Sapphire's allegations are deficient because a method claim can only be infringed if

14   the accused infringer—Evernote—"***actually perform[s]*** that method."  *Ericsson,* 773 F.3d at

15   1221 (emphasis added).  Developing and distributing software that end-users install on their own

16   devices does not infringe a method claim that is directed to the use of that software on the device.

17   Thus, even if it is true that the Evernote software on a smartphone is able to perform every

18   method step—which is not true—that is still insufficient to allege direct infringement against

19   Evernote.  This is because "[d]evices do not use a method for purposes of patent infringement—

20   ***people do***.  Accordingly, the use of a method by a device creates liability ***for the party that***

21   ***controls the device***."  Ex. D (*Sentius Int'l, LLC v. Apple Inc.*, No. 4:20-CV-00477, 2020 WL

22   2850286, at *4 (N.D. Cal. June 2, 2020) (emphasis added)).  Thus, Sapphire's allegation that the

23   "Accused Instrumentality" performs the method step is deficient.  Each of Sapphire's allegations

24   state that the "Accused Instrumentality" performs the method step.  Complaint at ¶¶27-34

25   (discussing the alleged capability of the Accused Instrumentality, and lacking any allegation that

26   Evernote performs the claimed steps).  But, this is wrong because ***only people*** can perform

27   method steps and Sapphire fails to allege that Evernote performs those steps when a user is acting

28   on their own smartphone.  Such an allegation is not possible because Evernote does not operate a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

1  user's smartphone.

2          The only relevant inquiry is whether Sapphire has plausibly alleged that Evernote, not a

3  third-party and not the accused software, performs every method step required by the asserted

4  claims.  The Complaint fails to meet this standard.  There is no plausible allegation that Evernote

5  performs all of the method steps in claim 19:  "providing the image transfer device," "reading the

6  image," "automatically upload[ing] electronic data," "automatically merg[ing] the electronic data

7  with the image," or "transferring the merged image."  If these method steps are performed at all,

8  they occur when the end-users, who have not been named by Sapphire, perform certain actions

9  using their own smartphones.  Evernote has no control over these end-users and their

10 smartphones.  Put simply, Evernote cannot plausibly perform all, or even one, of the method steps

11 required by the asserted claims.  *See Sentius*, No. 4:20-CV-00477, 2020 WL 2850286, at *4

12 ("practicing a step via software instructions does not state [a] claim for direct infringement unless

13 [the accused infringer] actually operates the accused products that execute the software").

14         A complaint is fatally flawed, and a direct infringement allegation should be dismissed,

15 when a third-party allegedly performs even one of the claimed method steps.  For example, the

16 plaintiff in *Desenberg v. Google, Inc.*, 392 F. App'x 868, 871 (Fed. Cir. 2010), alleged that

17 Google directly infringed a method claim because Google provided the network whereby the

18 claimed method was allegedly practiced.  *Id.* at 870-71.  But the Federal Circuit affirmed the

19 district court's ruling that Google did "not itself perform all of the steps of the claim" because the

20 claim "clearly require[d] the participation of multiple parties."  *Id.*  Because the plaintiff could

21 "not realistically allege" that Google performed all steps of the claim, the Federal Circuit affirmed

22 the district court's dismissal of the complaint.  *Id.*; *see also Andrulis Pharm. Corp. v. Celgene

23 Corp.*, No. CV 13-1644-RGA, 2014 WL 1572906, at n.1 (D. Del. Apr. 10, 2014) (dismissing

24 plaintiff's direct infringement claim where method claim could "not possibly be read to make

25 direct infringers out of anyone other than [third-parties]").  Therefore, as in *Sentius* and

26 *Desenberg*, Sapphire's direct infringement allegation fails and should be dismissed.

27         Any further amendment of the Complaint would be futile because Sapphire cannot

28 plausibly allege that: (1) Evernote in any way provides smartphones to end-users, (2) Evernote's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

app provides smartphones to anyone, or (3) Evernote performs all of the method steps in claim 19.  As such, dismissal with prejudice is proper for all direct infringement allegations that involve end-users and their own smartphones.

### B.     The Complaint Fails To State A Claim For Divided Infringement.

The Complaint further fails because Sapphire does not even state which theory of divided infringement it is relying on to support its claim.  To plead a claim of divided infringement, Sapphire must allege facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party."  *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Akamai* 797 F.3d at 1022).  Sapphire does no such thing.[4]  Even if the Complaint articulated a theory of divided infringement, it would still be deficient for three principal reasons.

First, any allegation under the guise of the direction or control theory (*i.e.*, between Evernote and end-users) is insufficient for the "providing an image transfer device" limitation of claim 19.  Such an allegation is insufficient because Sapphire must plead facts to allege that ***Evernote*** (not the Evernote app) controls the actions of the user (not the operation of a device).  It has not done so.  *See Sentius*, No. 4:20-CV-00477, 2020 WL 2850286, at *4; *see also Lyda*, 838 F.3d 1331 (affirming dismissal with prejudice because the defendant could not possibly control how third-parties use their own smartphones).  Further, the screenshots and YouTube videos relied on in Plaintiff's Exhibit B, attached to its Complaint, do not include any evidence that Evernote ***requires*** a user of the Evernote app to perform any action.  *See* Complaint Exhibit B at 2-3

(https://www.youtube.com/watch?time_continue=17&v=JhAYK38QJhU&feature=emb_logo).

Second, merely "allowing" or "instructing" a user to perform an action is also insufficient for divided infringement.  Thus, Sapphire's allegations under the guise of the direction or control theory (*i.e.*, between Evernote and end-users) are additionally insufficient.  *See, e.g.*, Complaint at ¶29 (emphasis added) ("the application will ***allow*** the user to enter"); ¶30 (emphasis added) ("the

---

[4] The Complaint does not appear to include any allegations under the joint enterprise theory.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

1    Accused Instrumentality **allows** a user to enter/edit"); ¶31 (emphasis added) ("the Accused

2    Instrumentality **allows** a user to enter/edit"); ¶36 (emphasis added) ("Evernote specifically

3    **instructs** its customers to use the Accused Instrumentality in a way that infringes Claims 19 and

4    20").  The "word 'allow' does not suggest conditioning a benefit," which is required for joint

5    infringement.  *See Sentius*, No. 4:20-CV-00477, 2020 WL 2850286, at *6.  Instead, it confirms

6    that users are free to interact with Evernote's app on their own smartphone as they see fit, and that

7    there is no direction or control from Evernote.  *See id.* (dismissing plaintiff's divided

8    infringement allegations because the accused software only "allows" the user to practice a portion

9    of the claimed method).  Further, merely pleading that Evernote "instructs" an end-user is also

10   deficient to plead direction or control over another party. *See Travel Sentry, Inc. v. Tropp*, 877

11   F.3d 1370, 1380 (Fed. Cir. 2017) ("mere guidance or instruction is insufficient to show

12   'conditioning'" for purpose of a divided infringement allegation).

13          Third, the "conditions a benefit" test for a divided infringement allegation under the

14   direction or control theory is only applicable for the time period **after** the accused infringer

15   received actual notice of its alleged divided infringement.  The "conditions a benefit" theory was

16   first articulated in *Akamai* and was premised on the Supreme Court's decision in *Metro-Goldwyn-*

17   *Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005).  *Akamai*, 797 F.3d at 1023.  In

18   particular, the *Akamai* decision cites *Grokster* for the proposition that "an actor 'infringes

19   vicariously by profiting from direct infringement' **if that actor has the right and ability to stop or**

20   **limit the infringement**." *Id*. (emphasis added).  Meaning, the divided infringement doctrine exists

21   to stop current and future infringement, and it does not exist to remedy an allegation of past

22   infringement.  However, in this matter, the only divided infringement allegation is for past

23   infringement. Evernote had no knowledge of the '633 patent until after it expired and after this

24   lawsuit was served.  As such, it was not possible for Evernote to have the "right and ability to

25   stop or limit" this alleged past infringement of the '633 patent, and there is no current or future

26   infringement allegation because the '633 patent is expired.

27          If Sapphire is permitted to stretch the joint infringement standard to include conduct that

28   Evernote had no "right and ability to stop or limit," then joint infringement would essentially

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

1   abrogate induced and contributory infringement.  In essence, Sapphire's improperly broad

2   interpretation of the divided infringement standard would thereby allow Sapphire to make indirect

3   infringement allegations under the camouflage of a divided infringement allegation, but without

4   having to plead and prove the statutory requirements of knowledge and intent for indirect

5   infringement allegations.  This is not and cannot be the law for divided infringement.

6        For all of these reasons, Sapphire's divided infringement allegation should be dismissed

7   with prejudice.

8        **C.    The Complaint Fails To Plead Compliance With The Notice And Marking**

9             **Statute, 35 U.S.C. § 287(a).**

10       Sapphire's allegation of pre-suit damages should be dismissed because the Complaint fails

11  to plead compliance with the notice and marking provisions of 35 U.S.C. § 287(a).[5]  The marking

12  statute "encourages the patentee to give notice to the public of the patent." *American Med. Sys.,*

13  *Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993).  The patentee bears the burden of

14  pleading compliance with the marking statute.  *Arctic Cat, Inc. v. Bombardier Recreational*

15  *Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (marking statute inquiry includes whether

16  patentee made reasonable efforts to ensure licensee compliance with marking requirements);

17  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("As the patentee, Maxwell had

18  the burden of pleading and proving at trial that she complied with the statutory [marking]

19  requirements."); *Horatio Wash. Depot Techs. LLC v. Tolmar, Inc.*, Case No. 17-1086- LPS, 2018

20  U.S. Dist. LEXIS 187074, *24-25 (D. Del. Nov. 1, 2018) (no damages recoverable absent actual

21  notice "if there was a failure to mark by any prior or current patentee").  When a patent contains

22  both method and apparatus claims, a patentee is required to mark "to the extent that there is a

23  tangible item to mark by which notice of the asserted method claims can be given.'" *American*

24  *Med. Sys.*, 6 F.3d at 1538. "A claim for ***past damages requires pleading compliance with the***

25  ***marking statute***—even when compliance is achieved, factually, by doing nothing at all." *Express*

26  _____

27  [5] There is no allegation for post-suit damages in the Complaint, and no allegation is possible,

28  because the '633 patent expired prior to this lawsuit being filed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD

1    *Mobile*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (emphasis added).

2          Sapphire failed to meet its burden to plead compliance with the marking statute.  The

3    Complaint includes only the conclusory statement that Sapphire is "entitled to recover damages

4    adequate to compensate it for such infringement."  Complaint at ¶44.  This is insufficient to plead

5    compliance with the marking statute.  Therefore, Sapphire's claim for past damages should be

6    dismissed.  *See Express Mobile*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (granting

7    motion to dismiss for past damages even though plaintiff argued "there [was] no evidence that

8    there was anything for it to mark" because plaintiff could "not argue that it pled compliance" with

9    marking statute).

10          Furthermore, Sapphire cannot amend its Complaint in good faith to plead compliance with

11   the marking statute.  When the '633 patent was issued on May 10, 2005, it contained 18 apparatus

12   claims and 8 method claims. '633 patent col. 15-20.  A patent that contains both apparatus and

13   method claims must be marked on any licensed product in order to satisfy Section 287.  *See, e.g.*,

14   *IMX, Inc. v. LendingTree, LLC*, No. 1:03-CV-01067-SLR, D.I. 225 at 9-11 (D. Del. Dec. 16,

15   2005) (ruling that plaintiff was not entitled to pre-litigation damages because plaintiff did not

16   comply with its duty to mark the embodiment of the patented method and system).  Until all

17   claims (except claims 19 and 20) were cancelled on January 6, 2017, the '633 patent was likely

18   licensed to dozens of companies.  *See* Ex. A.  Sapphire has no good faith basis to plead in its

19   complaint that the '633 patent was properly marked on all of these companies' licensed products

20   because Sapphire has not indicated it has ever even seen the licensing agreements with these

21   companies.  *See* Ex. E (*Sapphire Crossing, LLC v. Robinhood Markets, Inc.*, D.I. 117, 1:18-cv-

22   01717-MN-CJB (LEAD) (D. Del. July 31, 2020)).  Sapphire simply cannot plead any good faith

23   allegation that all licensees have complied with their marking obligations because Sapphire does

24   not have the agreements to know what those marking obligations were.  For this reason as well,

25   Sapphire's claim for past damages should be dismissed with prejudice.

26

27

28

1  VI.   **CONCLUSION**

2        For the foregoing reasons, Sapphire's Complaint should be dismissed with prejudice

3  under Federal Rule of Civil Procedure 12(b)(6).

4  Dated:  August 24, 2020                    **MORGAN, LEWIS & BOCKIUS LLP**

5

6                                      By   */s/ Marinna C. Radloff*

7                                            Douglas J. Crisman
                                            Scott D. Sherwin
8                                            Marinna C. Radloff
                                            Attorneys for Defendant
9                                            EVERNOTE CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

14

DEF. EVERNOTE'S MOT. TO DISMISS
CASE NO. 5:20-CV-03593-EJD